(623 P.2d 1365)
No. 51,415

THERESA ANN QUINLAN, now THERESA ANN VOGT, Individually and as Administrator of the Estate of E. John Quinlan, Deceased, *Appellant,* v. WILLIAM C. LEECH and MERCHANTS MUTUAL BONDING COMPANY, *Appellees.*

Opinion filed February 27, 1981.

*Cary L. Standiferd,* of Topeka, for the appellant.

*James L. Grimes, Jr.,* of Cosgrove, Webb & Oman, of Topeka, for the appellees.

Before MEYER, P.J., ABBOTT and SWINEHART, JJ.

SWINEHART, J.: This is an appeal from a decision of the District Court of Shawnee County dismissing an action brought against the executor of the estate of J. E. Quinlan, deceased, for breach of fiduciary duty.

The sole issue on appeal is whether the trial court properly dismissed the claim against the defendant William Leech in his capacity as executor of the estate of J. E. Quinlan, deceased, on the ground that it lacked, or alternatively refused to accept, subject matter jurisdiction because administration of the estate was still pending in the probate division of the Jefferson County District Court.

J. E. Quinlan died testate on February 4, 1974, and his will was admitted to probate in Jefferson County. His heirs-at-law included his wife Emily, a granddaughter and two grandsons. Plaintiff Theresa Ann Quinlan (now Vogt) is the widow of E. John Quinlan, one of the grandsons, who was killed in an automobile accident on August 25, 1975. J. E. Quinlan had executed a will on October 2, 1973, which left a life estate in all his property to his wife Emily and a remainder interest in farmland to his grandson Daniel Quinlan, upon payment of $30,000 to E. John Quinlan. The testator's wife consented to this will. However, on January 7, 1974, J. E. Quinlan executed a codicil to the will reversing the bequests to his grandsons, but not altering the will in any other way. Emily did not execute a consent to the

codicil. Accordingly, on July 2, 1975, the court in Jefferson County determined that failure to obtain a consent to the codicil was fatal to dispersal of Quinlan's estate according to the will, and allowed Emily to take her statutory share.

The defendant William C. Leech, who had prepared both the will and the codicil at the request of J. E. Quinlan, was named executor of the Quinlan estate. The defendant Merchants Mutual Bonding Company is the surety for Leech in his capacity as executor of the estate.

In August of 1977, the plaintiff filed suit in the District Court of Shawnee County. The district court determined that the first claim asserted by the plaintiff against the defendant alleged negligence in connection with the preparation of the codicil to the will of J. E. Quinlan. The district court determined that claim was for malpractice sounding in tort. Consequently, the claim was barred by the statute of limitations as the cause of action accrued on July 2, 1975, when the District Court of Jefferson County determined that the widow of J. E. Quinlan could take against the will, and the negligence action was not filed until August 8, 1977. The trial court also found that defendant owed no duty to the plaintiff. A K.S.A. 60-254($b$) certificate was included in the journal entry filed on November 21, 1978, dismissing the claim. However, plaintiff took no appeal from the decision. This part of plaintiff's appeal was dismissed by this court on March 6, 1980.

The second part of the plaintiff's action involved a claim against the defendant for negligence and breach of fiduciary duty while acting as executor of the estate of J. E. Quinlan, deceased. The Shawnee County District Court determined that it did not have subject matter jurisdiction to consider the claim because the parties had stipulated that the estate proceedings were still pending in the District Court of Jefferson County. Even if it did have subject matter jurisdiction, the court found strong policy reasons which dictated against exercise of such jurisdiction, and therefore, dismissed the action. The court's decision was filed on July 20, 1979. The plaintiff filed a notice of appeal on August 20, 1979.

The plaintiff contends that the Shawnee County District Court improperly dismissed her suit against Leech. The memorandum decision reflects that the trial court believed that the only cause of

action remaining against the defendant was for breach of his fiduciary duty as executor of the estate of E. John Quinlan. The plaintiff suggests that her claim was not limited to breach of fiduciary duties prescribed by the probate code, but in addition stated allegations which if proven would subject the defendant to liability for actions "not directly attributable to a loss arising directly from failure to account to the court. The executor is legally responsible to the estate he was appointed to serve and not to any individuals. K.S.A. 59-1703."

The pretrial questionnaire contains the theory of the plaintiff's claim. That document discloses that plaintiff's claim was based upon breach of fiduciary duties by the defendant in his capacity as executor of the estate of J. E. Quinlan. There are allegations that he neglected or delayed in collecting debts, selling property, etc., and that he otherwise failed to fulfill the obligations imposed by the probate code in ways specifically enumerated. No mention is made of any other acts or omissions which would entitle the plaintiff to recover, although her petition states that "the defendant Leech as an attorney to E. John Quinlan and plaintiff intentionally and knowingly neglected and failed to timely inform same of decisions made by the courts and other matters for which he had been retained and by such acts of omission violated his fiduciary duty to them thus entitling plaintiff to punitive damages as an example to others who occupy the same or similar offices of high trust." There is no allegation, however, that E. John Quinlan or plaintiff had ever retained the services of the defendant, although plaintiff alleged the defendant "did in fact undertake to represent E. John Quinlan and plaintiff and did in fact counsel and advise them [plaintiff and her deceased husband]" and that some of his actions while executor of the estate misled them.

The pretrial order states that the allegations of error and omissions upon which the plaintiff's claim was based were set forth in the pretrial questionnaire. In the posture that the case was presented to the District Court of Shawnee County, then, the trial court was clearly justified in finding that the remaining claims against the defendant were brought against him in his capacity as executor of the estate, and specifically on the basis of particular violations of the probate code. Thus, the plaintiff's rather perfunctory references to types of actions against fiduciaries not based upon specific violations of the probate code has little merit

as she has not presented any argument challenging that finding of the court, nor did she object in the proceedings below. Accordingly, the pretrial order controls (K.S.A. 60-216; *Kleibrink v. Missouri-Kansas-Texas Railroad Co.*, 224 Kan. 437, 442, 581 P.2d 372 [1978]).

It is clear that the action concerning the defendant raised on this appeal relates only to him for breach of fiduciary duties in his capacity as executor of the estate of J. E. Quinlan, deceased. The Shawnee County District Court dismissed the action on the ground that it lacked subject matter jurisdiction over the case. To reach this decision, it reviewed cases involving probate procedure prior to court unification. The court concluded that the rationale behind the principles affording jurisdiction to the probate rather than the district court over all matters incident and ancillary to the administration of a decedent's estate prior to unification, except where the probate code expressly conferred jurisdiction upon the district court (see *Shields v. Fink, Executrix,* 190 Kan. 17, 372 P.2d 252 [1962] [overruled in part on other grounds in *Ingram v. Ingram,* 214 Kan. 415, 521 P.2d 254 (1974)], and cases cited therein), should be applied in post-unification proceedings.

This issue appears to be one of first impression. The plaintiff and defendant both rely upon the provisions contained in K.S.A. 60-212 to support their arguments regarding jurisdiction. Plaintiff believes that the defendant submitted to jurisdiction of the Shawnee County District Court by entering his appearance and thereby waived any jurisdictional defense because the prescribed procedures contained in K.S.A. 60-212(*b*) and (*h*)(1) were not followed. Obviously plaintiff characterizes the jurisdiction question as personal, whereas defendant claims that the question involves subject matter jurisdiction, which may be raised at any time. See K.S.A. 60-212(*b*) and (*h*)(3).

When the probate courts were abolished on January 10, 1977, the probate records were transferred to the district courts in the counties where the probate courts had been located. K.S.A. 1980 Supp. 20-335. Such a transfer was completed in this case. At present, probate proceedings are brought in the district court, K.S.A. 59-102, with venue determined under K.S.A. 59-2203 for probate or administration actions and under K.S.A. 59-2207 for actions against fiduciaries. Since court unification, then, a district court has subject matter jurisdiction of probate proceedings.

We find that this action is one against the defendant merely for breach of his duties imposed under the probate code, and that the proper forum for bringing the action was the Jefferson County District Court which first assumed jurisdiction and was still exercising control over the estate proceedings at the time this suit was filed and appealed.

The trial court's basis for dismissing the action was to effectuate the public policy of allowing the Jefferson County District Court to maintain the exclusive and complete control over probate proceedings there pending. This policy has been cited regularly throughout the decisions which discuss the jurisdiction of probate versus district courts prior to unification. In terms of convenience to the litigants and economical and effective use of the judicial system, such policy considerations should carry over to post-unification probate proceedings. Indeed, the record in the probate administration action likely contains evidence that would be relevant to the proceedings upon the claim stated by the plaintiff in this action. Should another court be required to review them, much duplication of effort would be involved, especially since the estate was still being administered in Jefferson County. Potential confusion could also result if two different courts entered conflicting orders, and conflict is a very real possibility in view of the nature of the claims upon which plaintiff relies to establish the breach of fiduciary duties. Her allegations go directly to questions regarding the estate assets, inventory, management, etc. Several Kansas cases support the Shawnee County District Court's deference to the proceedings in Jefferson County District Court. For example, in *Shields v. Fink, Executrix,* 190 Kan. 17, the court reviewed the traditional rule regarding exclusive jurisdiction of the probate courts unless concurrent jurisdiction was expressly conferred upon the district court, and noted the rule was "fortified by the well-established rule that even in cases where there is concurrent jurisdiction, the court which first acquires jurisdiction retains it to the exclusion of another court which seeks to assume it." 190 Kan. at 23. The principle was reaffirmed in *Nixon v. Nixon,* 226 Kan. 218, 596 P.2d 1238 (1979). In *Nixon* our Supreme Court elaborated: "Stated another way, a court of coordinate jurisdiction should not attempt to interfere with pending proceedings already under way in a sister court." 226 Kan. at 222.

In view of the nature of the action against the defendant and the pending estate proceedings in Jefferson County, the Shawnee County trial court's decision dismissing the action was correct. Although district courts now have jurisdiction of both probate proceedings and actions against fiduciaries, when a probate proceeding with a qualified and acting executor is pending in one district court, then an action against the fiduciary for breach of duty must be filed in the district court where the fiduciary is still acting in an official capacity.

Affirmed.

ABBOTT, J.: I concur in the result but I disagree with the syllabus and its corresponding part in the opinion, which, in effect, makes it mandatory to dismiss a cause of action filed against an executor for breach of fiduciary duty if the action is not filed in the district court that first acquired jurisdiction over the probate proceeding. It appears to me that both courts have jurisdiction and that the second court *should* decline to exercise jurisdiction either by dismissing the action or, if necessary to prevent injustice, by transferring it to the county in which the probate proceeding is being administered.

In my opinion, the trial judge did not abuse his discretion in this case by declining to accept jurisdiction.