NOT DESIGNATED FOR PUBLICATION

No. 117,239

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHARLES SIMS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed February 16, 2018. Affirmed.

*Adam D. Stolte*, of Stolte Law Office, LLC, of Overland Park, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: Charles Sims appeals the Saline County District Court's summary denial of his untimely and successive habeas corpus motion, brought under K.S.A. 60-1507, challenging his conviction and sentence for failing to register as a convicted sex offender. Sims has not demonstrated any colorable legal basis for considering the motion out of time, so we affirm the district court.

Sims was convicted and sentenced in late 2010 for failing to register under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq. The district court

1

sentenced Sims to serve 114 months in prison, a presumptive guidelines punishment based on his criminal history. Sims filed a direct appeal that he dismissed in March 2012. He filed his first 60-1507 motion about two months later. At the district court's direction, Sims filed an amended motion more closely conforming to the governing procedural rules. Sims asserted various grounds for relief. The district court appointed a lawyer to represent Sims and ultimately denied the 60-1507 motion without holding an evidentiary hearing. Sims appealed that ruling, and this court affirmed the denial. *Sims v. State*, No. 109,293, 2014 WL 1302626 (Kan. App. 2014) (unpublished opinion) (*Sims I*).

In May 2016, Sims drafted and filed a pleading he simply titled "Illegal Incarceration" that raised ostensible challenges to his confinement on the KORA conviction and alleged the lawyers who represented him in the district court and on appeal in his earlier 60-1507 motion were constitutionally ineffective. The district court correctly treated the pleading as a 60-1507 motion based on the allegations and the requested relief. See *In re Estate of Heiman*, 44 Kan. App. 2d 764, Syl. ¶ 4, 241 P.3d 161 (2010) ("Courts should treat petitions, motions, or other papers for what they are based on their substance rather than how they are captioned or titled."). The district court then summarily denied Sims' submission as an untimely and successive 60-1507 motion. Sims has appealed.

Upon receiving a 60-1507 motion, a district court has three options. The district court can summarily deny the motion without a hearing after reviewing it and the record in the criminal case. *Bellamy v. State*, 285 Kan. 346, 353, 172 P.3d 10 (2007). If "a motion . . . presents a substantial question of law or triable issue of fact, the court must appoint" a lawyer to represent an indigent movant. Supreme Court Rule 183(i) (2018 Kan. S. Ct. R. 225). After appointing a lawyer, the district court may conduct a preliminary hearing to assess the merits of the claims or simply move directly to a full evidentiary hearing of the merits. *Bellamy*, 285 Kan. at 354. If a district court denies a 60-

2

1507 motion on the papers without a hearing, as happened here, the appellate courts review that determination anew and without any deference. 285 Kan. at 354.

A person subject to a criminal sentence may challenge the legal sufficiency of that punishment through a 60-1507 motion after exhausting appeals in the direct criminal case. K.S.A. 2016 Supp. 60-1507(a). There are, however, procedural limitations on the relief available through K.S.A. 2016 Supp. 60-1507. First, the motion cannot be used as a substitute for a direct appeal, so issues that were or could have been presented during that process typically cannot be raised in a 60-1507 motion absent exceptional circumstances. *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011). Constitutionally inadequate legal representation may provide such a circumstance. See *Bledsoe v. State*, 283 Kan. 81, 88-89, 150 P.3d 868 (2007). Second, a convicted criminal is expected to raise all of his or her claims in a single 60-1507 motion. The courts, then, typically need not deal with serial or successive challenges addressing different aspects of the same criminal prosecution. K.S.A. 2016 Supp. 60-1507(c); *Kelly*, 291 Kan. at 872.

Finally, K.S.A. 2016 Supp. 60-1507(f)(1) requires a convicted criminal to file a motion no later than one year after appellate jurisdiction over any actual or potential direct appeal ends. A movant may avoid the time bar if doing so will "prevent a manifest injustice." K.S.A. 2016 Supp. 60-1507(f)(2). The Legislature amended K.S.A. 60-1507(f)(2) effective July 1, 2016, to confine manifest injustice to those circumstances in which the convicted criminal can show either a compelling reason for missing the one-year deadline or a "colorable claim of actual innocence," meaning new evidence makes it "more likely than not that no reasonable juror would have convicted." K.S.A. 2016 Supp. 60-1507(f)(2)(A). The amendment went into effect after Sims filed his second 60-1507 motion and supplanted the test for manifest injustice outlined in *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). The *Vontress* test took account of the totality of the circumstances bearing on the delay with particular attention to: (1) persuasive reasons for failing to file a timely motion; (2) substantial legal or factual grounds indicative of a

3

claim "deserving of the district court's consideration" on the merits; and (3) a "colorable claim" of actual innocence. 299 Kan. at 616-17.

We consider only the untimeliness of Sims' second 60-1507 motion, since we find that to be a sufficient legal basis on which to affirm the district court. The motion was plainly filed well beyond the one-year deadline imposed by K.S.A. 60-1507(f)(1). In assessing manifest injustice that would excuse the untimely filing, we apply the *Vontress* test because it is more favorable to Sims than the newer statutory approach and it at least arguably could apply, since Sims filed his motion before the amendment went into effect.

Sims' motion to the district court isn't especially clear, and, as a result, the brief on appeal fails to set forth in any direct manner arguments or factual bases going to recognized grounds for relief under 60-1507 or for an exception to the one-year filing deadline. Sims offers no particular circumstances warranting the untimely filing of his second motion. Although he generally questions the adequacy of his legal representation in the criminal case and in *Sims I*, he similarly fails to outline specific errors the lawyers made or how he has been adversely affected.

Sims does repeat a particular argument he has made throughout these proceedings. He contends the federal Jacob Wetterling Act, 42 U.S.C. § 14071 et seq., somehow did not obligate him to register in Kansas based on his Florida conviction for a covered sex crime. The Jacob Wetterling Act required specified sex offenders to register and required states to maintain registries. It was repealed in 2006. The Act was a precursor to the present federal Sex Offender Registration and Notification Act, 42 U.S.C. § 16901 (2016) et seq. We suppose Sims has tried to fashion an argument that the Jacob Wetterling Act, as a federal statutory scheme, essentially preempted KORA or undercut the registration requirements accompanying his Florida conviction, perhaps based on the Supremacy Clause of the United States Constitution. In turn, he could not be prosecuted for failing to register as a sex offender in Kansas. Sims doesn't present that sort of fully formed

4

argument. But we do not see how the Jacob Wetterling Act could have any impact on his obligation to register as a sex offender in 2010, about four years after the Act had been repealed. In that respect, Sims has failed to frame a colorable argument for relief, as outlined in *Vontress*.

The remaining *Vontress* argument considers actual innocence—whether the movant seeking relief under 60-1507 factually committed the criminal acts of which he or she had been convicted. Even if Sims' argument were valid, it wouldn't precisely add up to factual innocence. Sims admitted he failed to register as a sex offender in Kansas. That's the predicate factual basis for the prosecution, and he doesn't dispute its accuracy. Rather, he challenges the legal significance of the failure. We needn't probe this aspect of the *Vontress* test further.

Sims has failed to present anything approaching a plausible legal basis for relief. He cannot succeed with an argument dependent upon a statute that had been repealed before he violated KORA. Whether that flaw affects only legal innocence or both legal and factual innocence, it is fatal to the merits of Sims' claim for relief. In turn, the argument is not one a district court would be obligated to consider in a motion filed beyond the one-year time limit in K.S.A. 60-1507(f)(1). Sims advances no other remotely cognizable argument for relief. Accordingly, the district court properly denied Sims' second 60-1507 motion as an untimely filing.

Affirmed.

5