NOT DESIGNATED FOR PUBLICATION

No. 121,345

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NICOLE JOBE,
*Appellee*,

v.

JACQUELYNE JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; DAVID J. KING, judge. Opinion filed November 6, 2020. Affirmed.

*Jacquelyne Jones*, appellant pro se.

*Patrick E. Henderson*, of Henderson Law Office, of Atchison, for appellee.

Before STANDRIDGE, P.J., HILL and ATCHESON, JJ.

ATCHESON, J.: Nicole and Ryan Jobe placed their infant son in childcare with Jacquelyne Jones. The Jobes and Jones had a written contract governing those services. The arrangement proved unsatisfactory, and Nicole Jobe wound up suing Jones for a refund under the contract and for medical treatment they obtained for their son. The Leavenworth County District Court entered judgment for Jobe, and Jones has appealed. We affirm the judgment.

In 2016, the Jobes hired Jones, who provided childcare in her home, to care for their child. In short order, the Jobes found Jones' performance to be substandard. The

1

details are not germane to the issues on appeal. The Jobes considered Jones to be inattentive to their son's needs and safety and believe Jones' cat scratched the child and had fleas that bit the child. In one instance, the child apparently got a hold of a tack or pin and swallowed it, requiring an emergency room visit. They removed their son from Jones' care and asked Jones to refund money they had paid under the contract and to reimburse them for the hospital visit. Jones refused.

Nicole Jobe sued Jones in small claims court and obtained a judgment; Jones had filed counterclaims against Jobe. Jones appealed the small claims decision to the district court. At that stage, Jobe hired a lawyer to represent her. Jones has represented herself throughout the case, including this appeal. The parties exchanged discovery requests, and the litigation appeared to be marked by continuing disagreements over those matters and various procedural issues.

Shortly before the scheduled trial, Jobe's lawyer filed a motion to compel and scheduled a hearing in less than seven days, which appears to be quicker than the notice time required under K.S.A. 2019 Supp. 60-206(c). Jones didn't attend the hearing. The district court ordered the discovery. When the parties showed up for trial, the district court continued the trial to deal with ongoing discovery disputes. In doing so, the district court revisited the earlier motion and order to compel discovery from Jones and entered new orders.

Jones then filed a motion to dismiss the case for lack of subject matter jurisdiction, arguing the initial quick hearing on the motion to compel deprived the district court of continuing jurisdiction over the case. The district court denied the motion, and the record reflects further wrangling from Jones over that ruling and other pretrial matters. The district court held an evidentiary hearing or trial on Jones' appeal of the small claims court judgment. At the end of the hearing, the district court made detailed findings from the bench in favor of Jobe and against Jones on her counterclaims. The district court also

2

awarded Jobe her reasonable attorney fees. See K.S.A. 2019 Supp. 61-2709(a). Jones has appealed.

Jones has asserted two points on appeal: (1) She again argues the district court lost subject matter jurisdiction over the case; and (2) the district court made insufficient findings either on the jurisdictional claim or at the conclusion of the hearing on the merits. We take those arguments up in turn.

Jones is correct that any order or judgment entered by a court without subject matter jurisdiction over a case is void and of no legal effect. See *In re Estate of Heiman*, 44 Kan. App. 2d 764, 767, 241 P.3d 161 (2010). But her argument is fatally flawed in its underlying legal premise: Even assuming the district court conducted the initial hearing on Jobe's motion to compel discovery without affording Jones adequate notice, any error would not have divested the district court of subject matter jurisdiction over this case. Subject matter jurisdiction refers to the authority of a court to hear a particular kind of case; and the district court plainly had that authority here. See K.S.A. 20-301 (district court in each county "shall have general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law"); *In re Marriage of Williams*, 307 Kan. 960, 967-68, 417 P.3d 1033 (2018); *In re Estate of Heiman*, 44 Kan. App. 2d at 766-67. Courts do not lose jurisdiction simply because they may make a substantive or procedural error in handling a case. Jones' point presents no legal basis for reversing the district court judgment against her.

For her second point, Jones submits the district court made insufficient findings. If the argument is directed at the district court's ruling on her motion to dismiss for lack of jurisdiction, it is meritless. Jones' underlying legal argument is wrong, as we have already explained. Even if the district court made insufficient findings, that does not undo the fundamental flaw in the argument. We can independently assess that determination, since it is question of law that does not depend on any disputed facts. See *Estate of Belden v.*

3

*Brown County*, 46 Kan. App. 2d 247, 258-59, 261 P.3d 943 (2011) (legal effect of undisputed facts presents question of law decided without deference to district court). In short, we can say with certainty that the district court correctly denied Jones' motion based on the governing legal principles. And we could do so even if the district court simply denied the motion without further explanation.

If Jones is also challenging the sufficiency of the district court's findings following the merits hearing, we conclude they were sufficient. Typically, a district court's written decision in a civil case will control over a conflicting ruling from the bench. Here, however, there is no conflict, and we may consider both the district court's oral and written findings in tandem. See *Burcham v. Unison Bancorp., Inc.*, 276 Kan. 393, 402, 77 P.3d 130 (2003). Taken together, those sufficiently explain and support the judgment for Jobe.

Jones has filed a motion asking that we award her litigation costs. Since Jones has not prevailed at any stage of this case, she is not entitled to statutory costs. We deny the motion for that reason.

The judgment of the district court is affirmed; Jones' motion for costs is denied.