NOT DESIGNATED FOR PUBLICATION

No. 124,675

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT DANZMAN,
*Appellant*,

v.

HERINGTON MUNICIPAL HOSPITAL BOARD OF TRUSTEES,

and

CITY OF HERINGTON, KANSAS, CITY COMMISSION,
*Appellees*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; MERYL D. WILSON, judge. Opinion filed September 9, 2022. Reversed and remanded with directions.

*Robert Danzman*, appellant pro se.

*Michelle M. Watson* and *G. Andrew Marino*, of Gibson Watson Marino LLC, of Wichita, for appellee Herington Municipal Hospital Board of Trustees.

*Blake K. Porter* and *Terelle A. Mock*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, for appellee Herington City Commission.

Before BRUNS, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Robert Danzman is an octogenarian crusader with a complaint. As a longtime resident of Herington, Danzman concluded the City Commission's decision to transfer the municipal hospital to a private nonprofit corporation epitomized poor public

1

policy and bad fiscal management. So he took it upon himself to draft and file what he has characterized as a declaratory judgment action in Dickinson County District Court in May 2021 essentially seeking an order forcing the Herington City Commission (City) and the hospital's board of trustees to identify the legal authority allowing both the purportedly clandestine negotiations leading up to the transfer and the transfer itself.

The district court granted motions the City Commission and the hospital trustees filed under various bases permitted in K.S.A. 2021 Supp. 60-212(b) and dismissed Danzman's action with prejudice. Still representing himself, Danzman has appealed, and that's what we have in front of us. We conclude the district court erred in dismissing the action with prejudice. Danzman says the dismissal should have been without prejudice. Although that may not necessarily be the preferred corrective, it is a legally sufficient one. We, therefore, reverse and remand to the district court with directions to dismiss this action without prejudice under K.S.A. 2021 Supp. 60-212(b)(6) for failure to state a claim upon which relief may be granted.

Because the action was dismissed on motions going to the sufficiency of the petition and the service of process, the record is sketchy on the background circumstances. Danzman's pleadings, such as they are, trade on rhetoric and surmise at the expense of concrete factual representations. We can, however, discern some guideposts from various submissions to the district court and common points in the appellate briefs.

The City of Herington is a city of the second class. Under the authority in K.S.A. 14-601 et seq., the City established a municipal hospital at some point and set up an elected board of trustees to oversee the facility. Several years ago, the City began exploring and then negotiating transfer of the hospital to Herington Hospital, Inc., a private nonprofit corporation. In May 2021, Danzman filed a petition against the City and the hospital board essentially reciting those circumstances and alleging some or most of

2

the decision-making took place in closed meetings and amounted to an unwise choice detrimental to the community. In his petition, Danzman alleged he is a resident of the city and has received medical care at the hospital from time to time. In June, Danzman filed what he characterized as "an addendum" to his petition suggesting he and other members of the community had questions about the propriety of the process and the decision. He went on to describe himself as "an eighty-three years [*sic*] old semi-handicapped concerned citizen who stepped forward to take a public stand." The latter filing, as an add-on to the original petition rather than an amended substitute for it, has no direct counterpart in the Kansas Code of Civil Procedure.

In the petition and addendum, Danzman sought both an order from the district court directing the City and the hospital board to identify the legal authority under which they acted in pursuing the transfer of the hospital and a temporary injunction halting the transfer. The pleadings, however, do not allege that either the City or the hospital board acted without legal authority or in violation of a statutory or common-law duty. So the papers assert no present or prospective legal injury, i.e., a claim. See K.S.A. 2021 Supp. 60-208(a)(1) (pleading must contain "short and plain statement of the claim showing that the pleader is entitled to relief").

Danzman effectively asked the district court to issue a show cause order to the City and the hospital board to explain why their actions were proper. But that is not a recognized form of relief for a cognizable injury. District courts may grant equitable remedies, such as injunctions, to rectify an actionable wrong or award money damages as a legal remedy financially compensating for the wrong. Danzman also filed scads of pretrial motions in the district court often seeking provisional relief. Those motions are not implicated in this appeal.

In short, Danzman's filings we consider to be pleadings do not state a claim for relief under K.S.A. 2021 Supp. 60-212(b)(6). See *Steckline Communications, Inc. v.*

3

*Journal Broadcast Group of KS, Inc.*, 305 Kan. 761, 767-68, 388 P.3d 84 (2017); *Rector v. Tatham*, 287 Kan. 230, Syl. ¶ 1, 196 P.3d 364 (2008) (dismissal for failure to state claim proper if factual allegations of petition fail to establish any theory of recovery). We can draw such a conclusion as a matter of law independently of the district court because the determination derives from the pleadings themselves and involves no resolution of disputed evidence or factual contentions. *Cohen v. Battaglia*, 296 Kan. 542, 545-56, 293 P.3d 752 (2013).

The City and the hospital board have had separate legal representation throughout the litigation and have duly responded to Danzman's salvos.

The hospital board presented the district court with a motion to dismiss under K.S.A. 60-212(b)(1) for lack of subject matter jurisdiction and under K.S.A. 60-212(b)(6) for failure to state a claim upon which relief may be granted. The district court granted the hospital board's motion for lack of subject matter jurisdiction without directly addressing its alternative ground for failure to state a claim. The district court dismissed Danzman's action with prejudice. Dismissing with prejudice created reversible error.

The hospital board premised the absence of subject matter jurisdiction on Danzman's lack of standing. Under Kansas law, standing is an essential component of subject matter jurisdiction. *KNEA v. State*, 305 Kan. 739, 743, 387 P.3d 795 (2017). So if a plaintiff lacks standing, then the district court acquires no subject matter jurisdiction over the legal dispute. To have standing, a party typically must have an actual stake in what's being litigated and some recognized legal interest that would be benefitted or burdened by a final judgment. *Kansas Bldg. Industry Workers Comp. Fund v. State*, 302 Kan. 656, 678, 359 P.3d 33 (2015). Standing presents a question of law we review without deference to the district court's conclusion. 302 Kan. at 676.

The Kansas Supreme Court has consistently held that standing requires a litigant to "'have a "sufficient stake in the outcome of an otherwise justiciable controversy in order to obtain judicial resolution of that controversy."'" *KNEA*, 305 Kan. at 746 (quoting *Gannon v. State*, 298 Kan. 1107, 1122, 319 P.3d 1196 [2014] [quoting *Moorhouse v. City of Wichita*, 259 Kan. 570, 574, 913 P.2d 172 (1996)]). Other Kansas appellate cases are to the same effect. *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 751-52, 189 P.3d 494 (2008); *Hernandez v. Pistotnik*, 60 Kan. App. 2d 393, 413, 494 P.3d 203 (2021). And that is a commonplace description of standing. See *Sierra Club v. Morton*, 405 U.S. 727, 731-32, 92 S. Ct. 1361, 31 L. Ed. 2d 636 (1972); *Faculty v. New York University*, 11 F.4th 68, 74 (2d Cir. 2021); *C.H. v. Adoption of N.K.*, 322 So. 3d 177, 180 (Fla. Dist. Ct. App. 2021); *Society for Historical Preservation of Twentysixth North Carolina Troops, Inc. v. City of Asheville*, 872 S.E.2d 134, 138-39 (N.C. Ct. App. 2022). The definition requires the plaintiff to have asserted a colorable legal wrong before the district court can address standing, i.e., the propriety of allowing this particular party to litigate the wrong. In other words, there must be a claim in the first instance to determine whether the plaintiff is the proper party to litigate it. That's the meaning of the phrase "an otherwise justiciable controversy." Here, Danzman's pleadings do not describe a legal wrong or justiciable controversy and should be disposed of for that reason without reaching the question of his standing to litigate a phantom claim. The district court should have granted the relief to the hospital board under K.S.A. 60-212(b)(6) because Danzman failed to state a claim.

If the hospital board's approach were correct as a matter of civil procedure, we would never see a dismissal under K.S.A. 60-212(b)(6) for failure to state a claim. That failure would also mean the plaintiff lacked standing, depriving the district court of subject matter jurisdiction. So the district court would have to dismiss for want of jurisdiction, since a court must question its subject matter jurisdiction even if the parties don't. *In re Estate of Heiman*, 44 Kan. App. 2d 764, 766, 241 P.3d 161 (2010).

When a plaintiff fails to state a claim, the district court usually should allow the plaintiff to replead within a short period of time. See K.S.A. 2021 Supp. 60-215(a)(2) (district court "should freely give leave" to amend petition); *Johnson v. Board of Pratt County Comm'rs*, 259 Kan. 305, Syl. ¶ 15, 913 P.2d 119 (1996). If the repleaded petition still fails, the district court may dismiss with prejudice on the grounds further corrective efforts would be futile. See 259 Kan. 305, Syl. ¶ 15. Alternatively, the district court could dismiss the action without prejudice. The plaintiff typically could then file a new case with an improved petition. Dismissal with prejudice may be appropriate only when an insuperable legal bar appears on the face of the pleading, such as a statute of limitations bar. See *Dutoit v. Board of Johnson County Comm'rs*, 233 Kan. 995, 1002-03, 667 P.2d 879 (1983); see also *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) ("A district court ordinarily must grant leave to amend when it dismisses claims under [Fed. R. Civ. Proc.] 12[b][6]" unless the deficiency cannot be eliminated through the pleading of additional facts.); *Frey v. City of Herculaneum*, 44 F.3d 667, 671-72 (8th Cir. 1995) (same, applying Fed. R. Civ. Proc. 12[b][6]); Wright, Miller & Kane, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2010) ("[T]he cases make it clear that leave to amend the complaint [in the face of a motion to dismiss] should be refused only if it appears to a certainty that the plaintiff cannot state a claim."). Danzman's petition and addendum are sufficiently diffuse we cannot say they are incurably deficient, since they state no claim at all rather than a claim that is obviously barred for a specific legal reason. On appeal, Danzman asks that the dismissal of this action be without prejudice; he does not request a remand and leave to replead in this action.

Even if we were to consider the dismissal to be for lack of standing and, in turn, subject matter jurisdiction under K.S.A. 2021 Supp. 60-212(b)(1), it should have been entered without prejudice. *FV-I, Inc. v. Kallevig*, 306 Kan. 204, 228, 392 P.3d 1248 (2017). The *FV-I* court offered a clear statement of the rule: "The proper remedy for a lack of standing is dismissal without prejudice." 306 Kan. at 228. The hospital board and the City suggest that pronouncement is somehow limited to the facts of the case, which

6

involved a mortgage foreclosure, and shouldn't apply here. We disagree. When a court lacks subject matter jurisdiction, it has no authority to act and must dismiss the action. The dismissal necessarily must be without prejudice precisely because the court is without authority—a dismissal with prejudice requires the exercise of authority to determine the case lacks merit or otherwise cannot be refiled and relitigated. See *Page v. Democratic National Committee*, 2 F.4th 630, 639 (7th Cir. 2021) ("a dismissal for lack of subject matter jurisdiction cannot be with prejudice"); *Brereton v. Bountiful City Corp.* 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). Those cases apply analogous federal procedural rules, but the Kansas appellate courts often rely on pertinent federal decisions as persuasive authority in construing the Kansas Code of Civil Procedure. *Stock v. Nordhus*, 216 Kan. 779, 782, 533 P.2d 1324 (1975); *In re Estate of Fechner*, 56 Kan. App. 2d 519, 527, 432 P.3d 93 (2018).

In short, a court without subject matter jurisdiction has no lawfully exercised power to consider the merits of the asserted claims and, therefore, cannot deny them with prejudice any more than it could enter a valid judgment granting relief on them. See *In re Estate of Heiman*, 44 Kan. App. 2d at 766 ("A court must have subject matter jurisdiction as a prerequisite to entering a valid judgment . . . bind[ing] the parties."). That would be true here if we relied on the district court's ruling that it lacked subject matter jurisdiction. The district court did enter a modified order of dismissal in response to Danzman's motion for to set aside the judgment and purported to dismiss the action with prejudice but not on the merits. The district court's linguistic backflip doesn't make the order otherwise effective as a dismissal with prejudice for lack of subject matter jurisdiction, especially given the plain directive otherwise in *FV-I*.

The City filed a motion in the district court to dismiss under K.S.A. 60-212(b)(5) for insufficient service of process and K.S.A. 60-212(b)(2) for lack of personal

7

jurisdiction. The lack of personal jurisdiction is premised on the defective service and not because the City has insufficient contacts with the forum. The district court granted the motion on both grounds and dismissed with prejudice. Again, this is the wrong result. Given the interlocking nature of the grounds the City raised, the district court's order rises and falls on the insufficiency of service of process.

In support of its motion, the City alleged Danzman simply mailed a copy of the petition to the mayor without a summons. For purposes of the appeal, that appears to be undisputed, since there is no return in the record showing the manner of service, and it amounts to legally insufficient service of process. See K.S.A. 2021 Supp. 60-301. But under K.S.A. 2021 Supp. 60-203(b), a plaintiff must be given 90 days to effect valid service after the district court adjudicates the initial service of process to be insufficient due to an irregularity in form or procedure. See *Fisher v. DeCarvalho*, 298 Kan. 482, 502, 314 P.3d 214 (2013).

The safeguard in K.S.A. 2021 Supp. 60-203(b) is self-executing, meaning Danzman did not have to request the additional time and opportunity to validly serve the City. That is, a plaintiff is automatically entitled to that statutory protection when the district court finds the service of process to be insufficient. *Fisher*, 298 Kan. at 502. The district court, therefore, improperly dismissed the claims against the City with or without prejudice.

On appeal, the City has piggybacked on the hospital board's argument for dismissal based on lack of standing and subject matter jurisdiction but not on its argument for failure to state a claim upon which relief may be granted under K.S.A. 2021 Supp. 60-212(b)(6). Strictly speaking with respect to the City, we suppose we could remand to the district court with directions to allow Danzman to make proper service of his petition and addendum. But that would be a triumph of form over substance because the papers do not state a cognizable claim and could be successfully attacked on that

8

basis after they had been (properly) served. Remanding for proper service would be an empty exercise on the way to a dismissal without prejudice. We decline to impose such a burden on Danzman and the City. See *Anderson v. Dugger*, 130 Kan. 153, 156, 285 P. 546 (1930) ("The law does not require the performance of a futile or useless act."); see also *Allen v. Attorney General of State of Maine*, 80 F.3d 569, 573 (1st Cir. 1996) ("The law, after all, should not require litigants to engage in empty gestures or to perform obviously futile acts."); *Mid-Kansas Wound Specialists, P.A. v. Martin*, No. 123,066, 2021 WL 8999528, at *4 (Kan. App. 2022) (unpublished opinion).

Given the decidedly unusual circumstances of this case and the generally allied positions of the City and the hospital board, particularly on appeal, we may afford Danzman his chosen relief as to both defendants. Nobody will be substantively disadvantaged, and the litigation will go forward uniformly and reasonably efficiently. See K.S.A. 2021 Supp. 60-102 (code of civil procedure to be "liberally construed" to promote "the just, speedy[,] and inexpensive determination of every action"). Danzman will be given a full and fair opportunity to state any cognizable legal claims he may have against the City and the hospital board rather than being improperly barred at the courthouse door.

Reversed and remanded to the district court with directions to enter an order and judgment dismissing this action without prejudice.