IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 123,145

STATE OF KANSAS,
*Appellee,*

v.

ANDREW WALLACE ELLINGTON,
*Appellant.*

SYLLABUS BY THE COURT

1.

For a criminal defendant to withdraw a guilty or no contest plea after the one-year statutory deadline in K.S.A. 2020 Supp. 22-3210(e)(1), the defendant must first make a procedural showing of excusable neglect. After a court finds excusable neglect, the defendant must make a substantive showing of manifest injustice.

2.

A lack of criminal history or lack of experience with the criminal justice system will not generally constitute excusable neglect.

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed October 15, 2021. Affirmed.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, was on the brief for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  Andrew Wallace Ellington seeks review of the district court's decision to deny as untimely his motion to withdraw his plea. We agree with the district court that Ellington has not demonstrated excusable neglect. On that basis, we affirm the district court's decision to deny Ellington's motion.

In 2014, the State charged Ellington with capital murder. After plea negotiations, Ellington pled no contest and was convicted by the district court of first-degree and second-degree murder. In August 2015, the district court sentenced Ellington to a hard 25 life sentence with an additional presumptive sentence of 155 months, to be served consecutively.

In June 2019, approximately four and a half years after being sentenced, Ellington moved to withdraw his no contest plea. The district court summarily denied Ellington's motion in June 2020, specifically finding that Ellington had failed to show the required excusable neglect to extend the one-year statute of limitations. Ellington filed this direct appeal that day under K.S.A. 2020 Supp. 22-3601(b)(3)-(4).

A defendant's right to withdraw a plea is governed by K.S.A. 2020 Supp. 22-3210. Under subsection (d)(2), "[t]o correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

Subsection (e)(1) acts as a statute of limitations, restricting a defendant's right to move for plea withdrawal by providing:

"Any action under subsection (d)(2) must be brought within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for

2

a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2020 Supp. 22-3210(e)(1).

The only exception to the one-year limitation period is found in subsection (e)(2) which provides that a court may extend the time "only upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2020 Supp. 22-3210(e)(2). Our recent decision in *Davis* clarifies the procedure Kansas courts must follow when applying this statute:

> "Excusable neglect is a procedural standard that permits a defendant to seek to withdraw a plea out of time. Manifest injustice is the substantive standard used to determine whether a motion to withdraw a plea should be granted or denied. The procedural timeliness fork-in-the-road comes first along this particular analytical path. In other words, if a motion to withdraw a plea is filed outside the one-year time limitation, courts must decide whether a defendant has shown excusable neglect *before* reaching the question of whether manifest injustice requires that a defendant be permitted to withdraw a plea." *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

An appellate court will generally not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Cott*, 311 Kan. 498, 499, 464 P.3d 323 (2020). Judicial discretion is abused if the action is:

> "(1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) based on an error of law, *i.e.*, the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, *i.e.*, substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Davisson*, 303 Kan. 1062, 1064-65, 370 P.3d 423 (2016) (citing *State v. Beaman*, 295 Kan. 853, 865, 286 P.3d 876 [2012]).

Ellington filed his motion on June 15, 2019, nearly three years after the one-year limitation period had expired. Ellington asserts that his untimeliness was a product of

excusable neglect and his motion should thus not be procedurally barred under *Davis*, 313 Kan. at 248. Ellington argues that the district court erred when it found he failed to show excusable neglect.

Before us, Ellington reprises the arguments made to the district court to show excusable neglect through the following factors: (1) he was not advised by counsel that he could move to withdraw his pleas; (2) he did not learn of the possibility of withdrawing his plea until he was in prison for a lengthy time, and he learned of the option from other inmates; (3) he was only 20 years old with no criminal history at the time of his plea; and (4) he had no knowledge of the criminal justice system.

We hold that the district court properly denied Ellington's motion, as each of the factors amount, at their core, to ignorance of the law. And we have previously held ignorance of the law, alone, cannot establish excusable neglect. *Davisson*, 303 Kan. at 1068-69.

"'Excusable neglect requires some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney.'" 303 Kan. at 1069. Though excusable neglect "resists clear definition and must be determined on a case by case basis," we have noted that excusable neglect "'implies something more than the unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind.'" *State v. Hill*, 311 Kan. 872, 878, 467 P.3d 473 (2020); *Davisson*, 303 Kan. at 1069.

Ellington's arguments have been advanced in prior cases, but never successfully. For example, in *State v. Hodge*, No. 116,644, 2017 WL 2709791 (Kan. App. 2017) (unpublished opinion), the Court of Appeals correctly applied *Davisson* and found no excusable neglect when the defendant's attorney failed to tell her of the one-year time limit. The court considered the defendant's lack of awareness as just a version of

4

ignorance of the law. 2017 WL 2709791, at *2-3; see also *State v. Edwards*, No. 115,612, 2017 WL 4081449, at *3 (Kan. App. 2017) (unpublished opinion) (no excusable neglect based on defendant's alleged learning disability or his arguments that he did not know he could move to withdraw and his trial counsel did not inform him).

The fact that Ellington became aware of the possibility of withdrawing his plea later when in prison was considered by the *Davisson* court. In *Davisson*, the defendant testified he "did not know about the possibility of withdrawing his guilty plea until he overheard two other inmates discussing the topic," and though he had access to a staffed law library, he claimed the sources were inadequate, the process to obtain them was long, and that he had no access to an attorney or computerized legal research. 303 Kan. at 1063-64. We rejected these arguments and found Davisson had not established excusable neglect. The district court, properly relying on *Davisson*, concluded that on this point, Ellington failed to "overcome the requirement of some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney."

We have previously declined to find excusable neglect even in more restrictive circumstances. For example in *State v. Fox*, 310 Kan. 939, 943-44, 453 P.3d 329 (2019), the defendant—acknowledging *Davisson*'s holding that ignorance is not a valid excuse—argued that the "extraordinary circumstance" of being incarcerated in Florida without access to a law library or Kansas statute books was beyond his control and constituted excusable neglect.

Yet, in *Fox* the defendant had been back in Kansas for several years before the one-year time limit was added into the statute in 2009 and had ample access to Kansas legal and statutory materials for three years before the time to withdraw expired. 310 Kan. at 943-44. We refused to find excusable neglect on these grounds because there was no evidence that the defendant was barred from pursuing his claim within the requisite timeframe. See *State v. Smith*, 303 Kan. 673, 675, 681, 366 P.3d 226 (2016) (affirming

district court's determination that defendant's lack of knowledge of the right to withdraw his plea or the requisite time period in which to do so did not constitute excusable neglect).

Moreover, as a general rule, age or relative youth alone cannot be used to establish excusable neglect, because it amounts to only a version of ignorance of the law. One recent Court of Appeals case addressed a similar argument. *State v. Landers*, No. 116,652, 2018 WL 385697, at \*4, 7 (Kan. App. 2018) (unpublished opinion). There, a defendant attempted to "avoid the holding of *Davisson*" by asserting excusable neglect based on his seventh-grade education and mental health issues. The court rejected the defendant's argument because he testified that he could read and write. 2018 WL 385697, at \*4, 7.

Here, Ellington has completed 12 years of formal education and has a high school diploma. He certified his competency both in the plea deal and orally at the hearing. The record does not indicate that Ellington lacked the education or mental capacity to act within the one-year statutory deadline. And, considering that Ellington was 20 years old at the time of his plea, he was "hardly of tender years in the eyes of . . . criminal law." See *United States v. Cerno*, 220 Fed. Appx. 822, 823-24 (10th Cir. 2007) (unpublished opinion) (referring to the statutory definition of a "juvenile" as a person under 18 and finding a 21-year-old defendant's attempt to justify his untimely appeal due to his "youth and inexperience with felony-level crimes" wholly unpersuasive).

Finally, Ellington's claim about his lack of experience in the ways of the criminal justice system is unavailing. He suggests this distinguishes his case from *Davisson,* because Davisson had a lengthy criminal history—and thus a presumptive knowledge of the criminal system—while Ellington had no prior experience with the criminal system.

However, the *Davisson* court did not rely on Davisson's criminal history in finding a lack of excusable neglect. That holding rested solely on the premise that "ignorance of the law should not constitute excusable neglect." *Davisson*, 303 Kan. at 1066, 1068. Davisson offered "no other argument for why the late filing of his motion [was] justified by excusable neglect. He only argue[d] he did not know about the option to withdraw his guilty plea or its statutory deadline—*i.e.*, that he was ignorant of the law." 303 Kan. at 1069. Indeed, it would be strange to conclude that because an individual had never before in his life had to plead guilty (or no contest) to a serious crime, that this somehow constitutes "neglect" to properly prepare himself to comply with the one-year limitation period following the first such plea. Lack of criminal history is a good thing, and we will not hold otherwise.

In sum, we agree with the district court that Ellington has failed to show excusable neglect as required by K.S.A. 2020 Supp. 22-3210(e)(2).

Affirmed.