NOT DESIGNATED FOR PUBLICATION

No. 122,821

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY RAY HAND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed December 30, 2021. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and HURST, JJ.

ATCHESON, J.: Six years after Defendant Timothy Ray Hand successfully completed his probation for several felony drug convictions, a representative of the Shawnee County Sheriff's Department told him he was supposed to be reporting under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq. That came as news to Hand. With the assistance of the public defender's office, he filed a motion with the Shawnee County District Court to be relieved of those registration and reporting obligations because of the State's long delay in informing him. Hand rested his claim on the equitable doctrine of laches, and in a world of poetic justice, he might have had a

1

point. But we apply the law in a prose forum. The district court denied the motion. We find no error and affirm.

FACTUAL AND PROCEDURAL HISTORY

In 2011, the State charged Hand with multiple felony drug crimes. Under an agreement with the State, Hand pleaded guilty to four counts of possession with the intent to distribute or distribution of crack cocaine. The State dismissed other charges and agreed to join in a recommendation for probation. The district court followed the agreement by imposing a prison sentence and placing Hand on probation. The convictions rendered Hand a "drug offender," requiring him to register and report under KORA. See K.S.A. 2020 Supp. 22-4902(f) (defining "drug offender"); K.S.A. 2020 Supp. 22-4905 (registration requirements for "any offender," including drug offenders). Hand successfully completed the probation in 2013 and was discharged from the criminal sentence.

For purposes of this appeal, the undisputed evidence shows that neither the district court nor any probation officer informed Hand of his duty to register and report under KORA, although the journal entry of judgment notes the obligation on the last page of the 12-page document. Hand did not register or report.

In 2019, the Kansas Bureau of Investigation forwarded a tip that Hand was not complying with KORA to Shawnee County Sheriff's Deputy Ashley Previty, who oversees registration and reporting of offenders for the County. Previty contacted Hand and informed him he had not been complying with KORA. Hand registered and has been duly reporting since then.

On January 13, 2020, the Shawnee County Public Defender filed a two-page motion in the criminal case asking the district court to relieve Hand of any obligation to

2

register or report under KORA based on laches. The State did not file a written response to the motion. The district court held an evidentiary hearing on March 3 at which Hand and Deputy Previty were the only witnesses. Neither the State nor the district court questioned the procedural propriety of the motion. Hand testified that he had never been informed of any KORA obligations until Deputy Previty contacted him in 2019. He told the district court that he owns and operates a moving company in the Shawnee County area and fears potential customers will not hire the company if they find out he is a registered drug offender.

The district court filed a memorandum and order on March 27 denying Hand's motion. Hand has appealed.

LEGAL ANALYSIS

We do not see any dispute about the material facts bearing on the district court's ruling denying Hand relief from the requirements of KORA. The question, then, becomes one of law that we consider without any particular deference to the district court. See *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 258-59, 261 P.3d 943 (2011) (legal effect of undisputed facts presents question of law decided without deference to district court).

*Laches Considered and Rejected*

Hand's argument for avoiding KORA registration and reporting based on laches fails for several reasons:

• Laches is an equitable doctrine that precludes a party from asserting a right after an unreasonable delay when the responding party has been prejudiced because of the delay. *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 388-89, 22 P.3d 124 (2001);

3

*Nguyen v. Huynh*, No. 118,709, 2018 WL 4039396, at *2 (Kan. App. 2018) (unpublished opinion) ("Laches steps in to prevent one party from enforcing a right against another party when the first party has inordinately delayed in asserting the right to the actual detriment of the obligated party."). The basis for relief lies in showing prejudice from the delay itself. *Meneley*, 271 Kan. at 389; *Darby v. Keeran*, 211 Kan. 133, 140, 505 P.2d 710 (1973). To invoke laches, Hand would have to establish some prejudice or harm to him from the State's six-year delay in advising him he had to comply with KORA.

Hand testified KORA registration likely would damage his moving business because people would not want to hire him if they were aware he had been statutorily branded as a drug offender. Apart from being speculative, the described harm would flow from registration itself and not the State's delay. Laches does not redress the harm Hand has postulated and, therefore, is inapplicable. Hand has not argued prejudice because he would have sought out some other line of work had he been registering and reporting in compliance with KORA since 2011.

• As set out in *Meneley*, laches cannot be invoked against the State to negate governmental functions undertaken to promote the public good or welfare. 271 Kan. at 389. The Kansas Supreme Court has identified the purpose behind KORA as such a public good. See *State v. Stoll*, 312 Kan. 726, 732, 480 P.3d 158 ("KORA's purpose is to protect the public from certain offenders by requiring those offenders to register."). So laches, as a general rule of equity, cannot override a specific government undertaking directly advancing the Legislature's perception of the commonweal.

• KORA itself provides a court cannot issue "an order relieving the offender of further registration under this act." K.S.A. 22-4908. Although the prohibition may have been designed to preclude "early release" of a KORA registrant for good behavior or demonstrable rehabilitation, its broad language reaches and negates Hand's request for equitable relief. Statutory directives typically oust conflicting common-law doctrines. See

4

*Stanley v. Sullivan*, 300 Kan. 1015, 1018, 336 P.3d 870 (2014). Laches, as a common-law rule, typically should yield to a specific statute such as K.S.A. 22-4908. See *Barnes v. Gideon*, 224 Kan. 6, 9, 578 P.2d 685 (1978) (recognizing laches as common-law rule). Hand has offered no compelling argument otherwise.

The dissent would read the prohibition in K.S.A. 22-4908 as depriving the district court of subject matter jurisdiction to consider any cause of action challenging a person's continuing obligation to register under KORA. But that misreads the statutory language. The statute precludes a court from granting a registrant affirmative relief from having to comply with KORA going forward, as Hand has requested here. But the statute does not purport to do so by depriving district courts of subject matter jurisdiction. We should not impute such a sweeping bar into the much narrower language of K.S.A. 22-4908. See *Chalmers v. Burrough*, 314 Kan. 1, 11, 494 P.3d 128 (2021) (statute typically does not deprive district court of general or subject matter jurisdiction absent "explicit" restrictive language). The *Chalmers* court cited statutes that preclude a party from *initiating* an action without having satisfying identified conditions precedent as measures that restrict general jurisdiction. 314 Kan. at 10-11. The legislative directive in K.S.A. 22-4908 is materially more constrained. If the dissent were correct, we should vacate the district court's order for lack of jurisdiction and then dismiss this appeal for the same reason.

Each of the reasons we have identified presents a sufficient ground standing alone to affirm the district court.

*KORA as Punishment—Ode to a Higher Authority*

For the first time on appeal, Hand also argues that KORA registration and reporting constitutes punishment, so the district court's failure to inform him of those obligations when he pleaded guilty or was sentenced excuses his compliance. Hand concedes his argument cannot be reconciled with *State v. Carter*, 311 Kan. 206, 210-11,

5

459 P.3d 186 (2020), recognizing that a district court need not make a "deadly weapon" finding from the bench as a necessary condition for KORA registration and reporting, as long as the finding appears in the journal entry of conviction. In reaching that conclusion, the *Carter* court restated that KORA registration and reporting neither imposes punishment nor constitutes part of a criminal defendant's sentence. 311 Kan. at 210.

Hand submits *Carter* was wrongly decided and should be overruled. He acknowledges we are simply a way station on the journey to the Kansas Supreme Court to make that request. We have no authority to disregard *Carter*, let alone overrule it. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We, therefore, necessarily reject Hand's argument.

*An Appeal Taken and Resolved*

In wrapping up our review, we mention the odd procedural progression of Hand's claim for relief. The claim began as a motion in the criminal case that has no real analog in the Kansas Code of Criminal Procedure. Hand neither sought to withdraw his pleas nor to challenge the legality of his sentence—motions that are recognized and can be filed comparatively late in a criminal case. See K.S.A. 2020 Supp. 22-3210(d), (e) (withdraw plea); K.S.A. 2020 Supp. 22-3504 (correction of illegal sentence). But the State did not challenge the procedural vehicle for Hand's request. And the district court declined to question how the motion might be anchored in the criminal case. Had the point been raised, the district court properly could have (and almost certainly should have) denied the motion without prejudice as procedurally irregular. Cf. *United States v. Campa*, 459 F.3d 1121, 1146-47 (11th Cir. 2006) (district court did not abuse discretion in denying motion for change of venue without prejudice when defendants' submission in support of request failed to show pervasive pretrial publicity); *Ciralsky v. C.I.A.*, 355 F.3d 661, 671 (D.C. Cir. 2004) (district court did not abuse discretion in dismissing action without

6

prejudice because plaintiff's amended complaint remained prolix and otherwise did not conform to Fed. R. Civ. Proc. 8).

But the district court had subject matter jurisdiction over what was a genuine legal dispute:  The State insisted Hand had to register and report under KORA, and he believed he had a colorable equitable argument otherwise. As courts of general jurisdiction, the district courts have constitutional jurisdiction to hear both civil and criminal cases. Kan. Const. art. 3, § 1 ("The judicial power of this state shall be vested exclusively in one court of justice, which shall be divided into one supreme court, district courts, and such other courts as are proscribed by law."). The enabling legislation provides: "There shall be in each county a district court, which . . . shall have general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law." K.S.A. 20-301. Given the continuing obligations imposed on Hand under KORA, we do not see the issue as moot because he had begun to comply with the statutory scheme. And we do not think Hand had to refuse to comply to test his laches argument as a defense to a criminal charge for failing to register or report. Under the circumstances, Hand could have filed a civil action seeking a declaratory judgment regarding his legal obligations under KORA. See K.S.A. 60-1701 et seq.; see also *Santa Rosa KM Associates v. Principal Life Insurance*, 41 Kan. App. 2d 840, 858, 206 P.3d 40 (2009) (recognizing purpose of declaratory judgment actions as settling actual legal controversies before they result in violations of the law or legal or contractual duties).

Had Hand filed a declaratory judgment action, he presumably would have sought a permanent injunction to keep the State from enforcing KORA against him. See K.S.A. 60-1702 (upon notice district court may grant relief in addition to declaration of parties' rights). That's what he ultimately wanted—to be left alone because the State came after him six years after he completed his sentence.

Given those contours, the March 3 hearing replicated what a trial in a declaratory judgment action would have looked like. Each side got to present witnesses and other evidence on the appropriateness of laches as excusing Hand from the obligations of KORA. Because Hand sought only equitable relief, he would not have been entitled to a jury trial in a declaratory judgment proceeding. See *Texas Const. Co. v. Hoisting and Portable Engineers' Local Union No. 101*, 180 Kan. 393, 395, 304 P.2d 498 (1956) (injunction action considered "purely equitable," so plaintiff not entitled to jury trial); *Jensen International, Inc. v. Kelley*, 29 Kan. App. 2d 836, 843-44, 32 P.3d 1205 (2001) (no right to jury trial in declaratory judgment action raising essentially equitable claims or issues); cf. *Hunter Health Clinic v. Wichita State University*, 52 Kan. App. 2d 1, Syl. ¶ 6, 362 P.3d 10 (2015) ("injunction provides an equitable remedy").

We have recognized that an action filed in the district court generally should be treated for what it is based on the nature of the claim rather than how it has been styled, so long as there is subject matter jurisdiction. *In re Estate of Heiman*, 44 Kan. App. 2d 764, 769-70, 241 P.3d 161 (2010) (recognizing that pleading styled as Chapter 59 probate action should be treated as Chapter 60 civil action and district court had general jurisdiction to hear both types of actions following court unification in 1977). In the absence of any objection from the parties or the district court's own interjection, Hand's request for relief based on laches functionally amounted to a declaratory judgment action. Although the gulf between his motion and a declaratory judgment filing under K.S.A. 60-1701 et seq. may be wider than the differences between a Chapter 59 petition and a Chapter 60 petition, the basic principle drawn from *Estate of Heiman* applies. Everyone in the district court acquiesced in handling the motion that way and in reaching the merits of the dispute. As we have indicated, however, the district court properly could have exercised its discretion to have required Hand to proceed more formally with a declaratory judgment action.

We, therefore, reject the State's argument on appeal that Hand had no statutory basis to seek review of the district court's ruling because the order was entered in a criminal case. Given the State's acquiescence in the district court to proceeding on the motion to the merits of the legal dispute, we are disinclined to credit its position that Hand cannot now appeal the adverse ruling. The State's desire to retain the benefit of the district court's ruling while disclaiming any basis for appellate review sounds a lot like eating a cake and having it, too. And that sort of gaming runs up against notions of judicial estoppel. See *Estate of Belden*, 46 Kan. App. 2d at 262-63 (Judicial estoppel precludes a party from taking a legal position to prevail in an early phase of case and taking a contrary position to prevail in a later phase.). A party has the statutory right to appeal an adverse ruling in a declaratory judgment action. K.S.A. 60-1709. Although the labels in the paperwork may be askew, the substantive issue before us is not.

The dissent contends both the district court and this court lack subject matter jurisdiction over Hand's claim. But the dissent misapprehends the basis for the claim and offers several additional arguments that miss the jurisdictional mark, given the broad authority of district courts to hear both civil and criminal cases. Hand is not challenging the legality of the district court's order contained in the journal entry of judgment in the criminal case that he register and report under KORA. Rather, he says—based on the doctrine of laches—the State has lost the right to enforce that order because it delayed more than six years to directly inform him of that obligation. Accordingly, Hand could not have asserted a laches claim when he was sentenced, since it depends upon the inequity of the lengthy delay. Regardless, we all agree Hand's assertion of laches is untenable on the merits.

The dissent points out the journal entry of judgment refers to KORA registration, as we mentioned, and thus afforded Hand at least constructive notice of his obligations. The dissent also cites the legal fiction that everyone is presumed to know the law, so Hand should have understood from the outset that he had an obligation to register and

9

report in compliance with KORA as a convicted drug offender. Those observations forge another argument against affording Hand equitable relief based on laches because he had constructive and presumptive knowledge that KORA applied to him. In turn, he should have inquired of his probation officer or some other government agent about that obligation and could not equitably have remained silent despite the State's inaction. See *Bouton v. Byers*, 50 Kan. App. 2d 34, 61, 321 P.3d 780 (2014) (recognizing maxim that a party must do equity to receive equity). But the argument, whatever its strength, goes to the substance of Hand's claim and not the jurisdictional foundation for the district court or this court to consider it.

The dissent next points out a criminal defendant must file a direct appeal of a conviction, sentence, or KORA registration within 14 days after the district court's imposition of judgment. And Hand didn't file his laches claim until years later. But Hand's complaint doesn't rest on the initial imposition of KORA registration; it depends upon the State's ostensibly inequitable delay (measured in years) in enforcing the registration and reporting requirements. As we have said, Hand could not have asserted laches two weeks after the entry of judgment. The claim did not then exist. That does not deprive the district court of subject matter to hear an equitable claim of laches after the passage of an undue amount of time—the very circumstance upon which the doctrine rests. In short, Hand passed through the courthouse doors and could present his laches claim for a determination on the merits. The district court had subject matter jurisdiction. In the absence of any objection to the procedural vessel containing the claim, the district court properly reached the merits.

Along this same line, the dissent says Hand's sentence was final when pronounced and cannot now be modified. Although that's true, it's beside the point, since Hand isn't trying to tinker with his sentence. KORA reporting and registration is not punitive and, therefore, does not constitute a component of a defendant's sentence. See *Carter*, 311 Kan. at 210; *State v. Huey*, 306 Kan. 1005, 1009-10, 399 Kan. 211 (2017). Hand's motion

10

should be considered based on the claim asserted and relief sought—an equitable bar of laches requiring release from a civil statutory obligation. The district court had subject matter jurisdiction to consider (and deny) the claim.

Finally, the dissent tries to conjure an absence of subject matter jurisdiction because Hand made his request in a submission styled as a motion in the criminal case rather than in a Chapter 60 petition. The cases the dissent cites for support actually illustrate the fallacy of that position. So in *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016), the court affirmed the district court's denial of a motion to correct an illegal sentence because the constitutional challenge fell outside the scope of K.S.A. 22-3504, the governing statute. The court did not dismiss for lack of subject matter jurisdiction. Similarly, in *State v. Trotter*, 296 Kan. 898, 898, 295 P.3d 1039 (2013), the court affirmed the denial of a misguided motion to correct an illegal sentence that attacked the underlying judgment of conviction rather than the resulting sentence. The basis for those rulings was the inapplicability of K.S.A. 22-3504 and not the absence of subject matter jurisdiction.

If anything, those cases support our observation the district court should have denied Hand's motion without prejudice either at the request of the State or on its own in favor of a declaratory judgment action. But they do not stand for the proposition that the district court and, in turn, our court lacked subject matter jurisdiction to consider Hand's claim. Again, if that were true, not only should this appeal be dismissed but the district court's order should be vacated.

*Conclusion*

On that substantive issue, Hand cannot rely on laches to avoid having to register and report under KORA as a drug offender. The district court ruled correctly following a full evidentiary hearing on the claim.

11

Affirmed.

* * *

ARNOLD-BURGER, C.J., dissenting:  I respectfully dissent. I have no disagreement with any of the majority's conclusions on laches and its inapplicability here. I also applaud its graciousness in treating this as a declaratory judgment action—even with no evidence to suggest that Timothy Ray Hand's attorney sought to file it as such—and thereby find another way to affirm the district court. And I have no doubt that this claim fails on the merits any way you slice it. But I think we have overstepped our bounds by not simply dismissing this appeal for lack of jurisdiction.

In Kansas, the right to appeal is statutory, and appellate courts have jurisdiction to entertain an appeal only if the litigant files their appeal in the manner prescribed by statute. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). When the circumstances of a case suggest a lack of appellate jurisdiction, a court has a duty to examine jurisdiction on its own initiative. *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018). Whether a court possesses jurisdiction is a question of law subject to plenary appellate review. *Smith*, 304 Kan. at 919.

Appellate courts have jurisdiction under K.S.A. 2020 Supp. 22-3602(a) to consider a direct appeal by a defendant who pleaded guilty or nolo contendere and challenges a district court's order that the defendant comply with the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq. *State v. Marinelli*, 307 Kan. 768, Syl. ¶ 2, 415 P.3d 405 (2018). When a district court imposes the conviction and sentence on a criminal defendant, the judgment becomes final and appealable. See *State v. Weekes*, 308 Kan. 1245, 1249, 427 P.3d 861 (2018) ("The final judgment in a criminal case is the sentence.").

12

Our Supreme Court has concluded that imposition of the duty to register in the journal entry controls over anything the court states during sentencing. See *State v. Carter*, 311 Kan. 206, 210-11, 459 P.3d 186 (2020) (statement in journal entry controlled over statement pronounced at sentencing for KORA registration). Although the parties agree that the district court never orally advised Hand of his duty to register, the requirement was in the journal entry of sentencing, twice. The court originally sentenced Hand on December 20, 2011. The journal entry of sentencing, albeit 12 pages long, noted that he had to register on five of those pages. The court later modified the journal entry to reflect a controlling, underlying prison term of 30 months under the double rule. The modified journal entry also noted, on five separate pages, Hand's obligation to register. Moreover, Hand was required to register under a category of offences that statutorily require registration. In these types of cases, "the legal obligation to register springs from the existence of statutory conditions, such as a conviction of a specified offense, and are not dependent on a court's discretion or factual determinations." *Marinelli*, 307 Kan. at 785.

Like *Carter*, Hand's argument on appeal disregards the journal entry and does not explain why the journal entry does not qualify as adequate notice of his duty to register. See 311 Kan. at 210. And like the defendant in *Marinelli*, 307 Kan. at 791-92, Hand does not argue he was prejudiced in any way by his delay in discovering that he needed to register under KORA. He also offers no authority supporting his claim that this court should excuse his registration under these facts. And finally, he presents no argument about why he is not bound by the longstanding legal assumption that he is presumed to be aware of the law related to his conviction which statutorily requires registration. See *State v. Ellington*, 314 Kan. 260, 262, 496 P.3d 536 (2021) (ignorance of the law cannot establish excusable neglect). For these reasons, he has failed to establish that the court should excuse him from complying with the statutory appeal provisions.

13

A criminal defendant has 14 days from the imposition of judgment to appeal to the appropriate appellate court. K.S.A. 2020 Supp. 22-3608(c). The only way Hand could have attempted to avoid registering was to appeal his sentence within 14 days. Hand filed this action, in his criminal case, nine years too late. The district court had no jurisdiction to hear the case, so neither do we. See *Bartlett Grain Co. v. Kansas Corp. Commission*, 292 Kan. 723, Syl. ¶ 4, 256 P.3d 867 (2011).

There are at least two more reasons to support my belief that we lack jurisdiction.

First, Hand's criminal case is over and final. Once the district court announced a legal sentence—and the parties agree that Hand's sentence was legal—subject to a few exceptions—none of which apply here—the court lacked *jurisdiction* to modify it. See *State v. Tafoya*, 304 Kan. 663, 666-67, 372 P.3d 1247 (2016). Here, not only was Hand's sentence announced, but he had completed it. The district court no longer had jurisdiction in the case in which the motion was filed. Decisions made by a court without subject matter jurisdiction are legally void. *Travelers Cas. Insurance v. Karns*, 61 Kan. App. 2d 44, 60-61, 2021 WL 4217506, at *10 (2021).

Second, as the State points out, K.S.A. 2011 Supp. 22-4908 provided then— as it does now:

> "No person required to register as an offender pursuant to the Kansas offender registration act shall be granted an order relieving the offender of further registration under this act."

So Hand is statutorily barred from seeking to prevent enforcement of his registration requirement. In other words, he has no cause of action. Subject matter jurisdiction is vested by statute and establishes the court's authority to hear and decide a particular type of case. *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395, 204

14

P.3d 562 (2009). District courts "shall have general original jurisdiction of all matters, both civil and criminal, *unless otherwise provided by law.*" (Emphasis added.) K.S.A. 20-301. Kansas statutes prevent Hand from bringing this claim in any court.

But the majority asserts that although Hand's claim may fail, the court still has jurisdiction to entertain it. Slip op. at 7, 10. They contend that even though this may not have been the proper procedural vehicle, neither party objected to it and the district court ruled on the merits. So we must do the same. Slip. op. at 8, 10. I disagree for three reasons.

First, whether the parties agreed at the time that the court had jurisdiction to hear this matter in Hand's criminal case is irrelevant. Parties cannot confer subject matter jurisdiction by consent, waiver, or estoppel, and a failure to object will not invest the court with the requisite jurisdiction. Moreover, if the district court lacks jurisdiction to enter an order, an appellate court does not acquire jurisdiction over the matter on appeal. *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 456, 284 P.3d 337 (2012).

Second, the majority believes that Hand had a civil remedy for declaratory judgement. I will not speculate. But the tactical decision of which procedural vehicle to use to pursue a claim has consequences. See *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016) (finding a motion to correct an illegal sentence is not the proper procedural vehicle to challenge the constitutionality of a sentence, so court was correct to deny the motion); *State v. Trotter,* 296 Kan. 898, 905, 295 P.3d 1039 (2013) (void judgment nullity that may be vacated at any time; yet must be raised in proper procedural vehicle, so court denied request to vacate judgment). Hand had counsel throughout this matter. We should not convert his claim to one he did not make by judicial fiat because we believe it to be a better fit.

15

Finally, just because a district court has jurisdiction over both criminal and civil cases does not mean it has jurisdiction over an untimely or statutorily barred claim filed in a criminal case as long as it can be couched in terms of a civil case without such time limitations. Jurisdiction is not that fluid.

For these reasons, I would dismiss this appeal for lack of jurisdiction.