NOT DESIGNATED FOR PUBLICATION

No. 124,484

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JULIUS R. STOAKLEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed October 28, 2022.
Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Whitney Clum*, legal intern, *Julie A. Koon*, assistant district attorney, *Marc Bennett*, district
attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Julius R. Stoakley appeals the district court's denial of his
postsentence motion to withdraw plea following an evidentiary hearing. Stoakley pled
guilty to one count of aggravated domestic battery under a plea agreement with the State.
Stoakley claims the district court erred in finding that he failed to establish ineffective
assistance of his trial counsel before the plea, and thus failed to establish manifest
injustice that would have warranted the withdrawal of his plea. Finding no abuse of
discretion, we affirm the district court's judgment.

1

Stoakley was charged in Sedgwick County District Court with one count of felony aggravated domestic battery, one count of misdemeanor domestic battery, and one count of criminal threat. At his preliminary hearing, Stoakley informed the district court he had entered into a plea agreement with the State. Under the plea agreement, Stoakley agreed to plead guilty to one count of felony aggravated domestic battery, and in exchange, the State agreed to dismiss the other charges. The State also agreed to recommend to the district court that Stoakley be sentenced to the low number in the appropriate sentencing guidelines grid box and be placed on probation.

Before accepting his plea, the district court confirmed that Stoakley had read the plea agreement and gone over its terms with his counsel. The district court advised Stoakley of the potential sentence for his conviction of aggravated domestic battery. The district court also advised Stoakley that by pleading guilty he was waiving his right to a jury trial and his right to appeal his conviction. Stoakley confirmed to the district court that he was satisfied with the services provided by his counsel.

At sentencing, the district court followed the State's recommendation under the plea agreement and sentenced Stoakley to 11 months' imprisonment and granted probation. Several weeks after sentencing, Stoakley sent a letter to the district court, which the district court interpreted as a pro se motion to withdraw a plea based on ineffective assistance of counsel. The district court appointed new counsel to represent Stoakley on the plea withdrawal motion and scheduled the matter for an evidentiary hearing to coincide with a probation violation hearing.

At the hearing, Stoakley testified that he was appointed an attorney shortly after he was charged and that his appointed counsel sent him a letter within a week of him being placed in jail. Stoakley stated that he first spoke with his counsel about two months later

by video conference. He said that in the intervening period, he tried to contact his counsel many times but that he was unable to do so. Stoakley testified that when he and his trial counsel finally met, they discussed the charges against him, how his trial counsel thought the case would likely progress, and all the possible outcomes. But Stoakley stated that during this meeting he got the impression that his trial counsel just wanted to "get this [case] over with." He based this impression on his trial counsel's general demeanor.

Stoakley testified that after this meeting, he exchanged about 20 to 30 emails with his trial counsel but that they did not meet face to face again before sentencing. Stoakley stated that he told his trial counsel that he wanted a trial but that they never discussed the prospect. He stated that he never wanted to plead guilty, but he did so after his trial counsel advised him that his chances at trial were poor and his best option was to take the plea. He also stated, however, that he only took the plea so he could be bonded out of jail.

Stoakley's trial counsel, Stephen Brave, also testified at the hearing. Brave stated that after he was appointed, he sent a letter to Stoakley in jail with an outline of how his office typically handles cases, what a preliminary hearing is, a copy of the complaint and supporting affidavit, and a copy of the sentencing grid. He said that he then reviewed the discovery including body camera footage of the incident supporting the charge and decided there was no need to hire a private investigator. Brave admitted, however, that he did not do any investigation other than reviewing the discovery.

Brave testified that several weeks after being appointed and before the video conference meeting, he received a letter from Stoakley. In that letter, Stoakley wrote that he did not want to go to trial and instead wanted to plead guilty. Brave stated that Stoakley also wrote that he would plead to anything that would get him out jail. A copy of this letter was admitted into evidence.

3

Brave testified that with the contents of the letter in mind, he set up a video conference with Stoakley to discuss the case. Brave testified that they discussed whether Stoakley still wanted to plead and talked about the risk and benefits of proceeding with the preliminary hearing and the possibility of new charges. Brave stated that Stoakley said in the meeting that he still wanted to plead guilty. Brave testified that he responded by advising Stoakley to delay pleading until at least the preliminary hearing to see how the witnesses testified or if the witnesses even showed up.

Brave testified that at some point before the preliminary hearing, he engaged in tentative negotiations with the State over a possible plea deal. He stated that he could not remember if he or the prosecutor started the negotiations, but that they discussed two possible plea options: one for if the witness showed up, allowing Stoakley to plead to a felony, and another for if the witness did not show up, allowing Stoakley to plead to a misdemeanor. Brave said that he discussed both options with Stoakley, as well as the possibility of proceeding to trial. At the same time, he stated that he continued to prepare for the preliminary hearing in case Stoakley decided not to plead.

Brave testified that he came to the preliminary hearing ready to proceed if Stoakley decided not to plead. But Brave stated that once Stoakley saw the witness arrive with the prosecutor, he wanted to take the plea deal. Brave said he then spent roughly 15 minutes going through the plea agreement with Stoakley to ensure that he understood the rights he was waiving by pleading. Brave stated that he usually tells clients that pleading to a felony charge leads to loss of voting rights and gun rights, but he admitted he mentioned nothing about reducing employment prospects. Brave testified that between the plea and sentencing, Stoakley never contacted him to withdraw the plea, never said the plea was a bad idea, and never said he wanted to appeal before sentencing.

After hearing the evidence, the district court denied Stoakley's motion, finding that he failed to demonstrate the manifest injustice necessary to justify the postsentence

4

withdrawal of his plea. The district court found that Brave's performance was not objectively unreasonable and that Stoakley had failed to show there was a reasonable probability he would not have pleaded guilty without the claimed errors. Stoakley timely appealed the district court's judgment.

ANALYSIS

On appeal, Stoakley claims that the district court erred in denying his postsentence motion to withdraw his plea. More specifically, Stoakley argues that the district court erred in finding that he failed to establish ineffective assistance of counsel that would have resulted in manifest injustice and warranted the withdrawal of his plea. Stoakley argues the evidence showed that Brave failed to effectively communicate with him and forced him into an involuntary plea.

The State asserts the district court did not err in denying Stoakley's motion to withdraw plea because he failed to establish manifest injustice to support his request. The State argues that Brave's assistance did not fall below an objective standard of reasonableness. The State contends the evidence showed that Brave was fully prepared to proceed to trial, but the case did not proceed to trial because of Stoakley's desire to accept the plea offer. The State also argues the evidence failed to show there was a reasonable probability that, but for Brave's actions, Stoakley would have proceeded to trial.

Appellate courts review a district court's decision to deny a postsentence motion to withdraw a guilty plea for abuse of discretion. A district court abuses its discretion if its action is arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. *State v. Ellington*, 314 Kan. 260, 261-62, 496 P.3d 536 (2021). The movant bears the burden to prove the district court erred in denying the motion. *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021).

Under K.S.A. 2021 Supp. 22-3210(d)(2), a district court may allow a defendant to withdraw his or her plea after sentencing "to correct manifest injustice." Factors a court should consider in determining whether a defendant has shown manifest injustice include: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. Also inherent in manifest injustice is a requirement that the context of the plea agreement was obviously unfair or shocking to the conscience. *Hutto*, 313 Kan. at 745.

Stoakley bases his arguments about manifest injustice on allegations of ineffective assistance of counsel. If a defendant bases a postsentence motion to withdraw a plea on an allegation of deficient counsel, courts apply the constitutional standard in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *State v. Kelly*, 298 Kan. 965, 969-70, 318 P.3d 987 (2014). Thus, to establish manifest injustice based on ineffective assistance of counsel, a "'defendant must show that counsel's performance fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's errors, the defendant would not have entered the plea and would have insisted on going to trial.'" *Hutto*, 313 Kan. at 750.

In reviewing such claims, courts are to engage in a strong presumption that counsel's conduct falls within the wide range of reasonable conduct. Strategic choices made by counsel after a reasonable investigation of the law and facts relevant to the plausible options are virtually unchallengeable. And strategic choices made after an incomplete investigation can still fall within the wide range of reasonable professional assistance if the decision to limit the investigation is supported by reasonable professional judgment. 313 Kan. at 750.

Stoakley argues that Brave failed to effectively communicate with him, and that this deficient performance forced him to enter a plea. Thus, he claims his plea was not

6

knowing and voluntary. In claiming that Brave was ineffective, Stoakley argues that Brave: (1) never explained the advantages and disadvantages of a plea over a trial; (2) never explained that Stoakley's employment prospects would be limited by a felony conviction; (3) did not show Stoakley any of the video evidence or other discovery in the case; (4) did not file any motions; and (5) only met with Stoakley once for 15 minutes before he pled guilty.

The State argues that Brave's performance was adequate given the circumstances and the timing of Stoakley's plea. As the State points out, when Stoakley revealed his desire to plead guilty, his case was only set for a preliminary hearing. The State argues that Brave's level of preparation and communication with Stoakley at this early stage of the case was reasonable. The State notes that Brave shared some of the discovery with Stoakley and stated that he would have given him more if he had requested it. And Brave testified that he was prepared for the preliminary hearing when Stoakley decided to plead. The State points out that Stoakley has not explained what motions he believes Brave should have filed or how the failure to file these unspecified motions was objectively unreasonable. As the State notes, decisions on what motions should be filed, and all other strategic and tactical decisions, are the responsibility of counsel. See *Bledsoe v. State*, 283 Kan. 81, 92, 150 P.3d 868 (2007).

Stoakley and Brave offered different versions of the events that led to the guilty plea. The district court's finding that Brave's performance was objectively reasonable implicitly shows that the court found Brave's testimony more credible. An appellate court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses. *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021).

Given the testimony presented at the hearing, a reasonable person could conclude that Brave's level of preparation and communication was within the wide range of reasonable professional conduct. Stoakley's case was on a plea track from the beginning.

The evidence showed that Stoakley revealed a desire to plead guilty before the preliminary hearing. Stoakley communicated this desire in a letter to Brave. In fact, Brave testified that he advised Stoakley to wait until the preliminary hearing to plead guilty, in case the State's witnesses did not appear. Under the circumstances, Brave adequately prepared for the preliminary hearing by reviewing the discovery including body camera footage of the incident supporting the charge.

The district court's finding that Brave's performance was objectively reasonable is supported by the evidence at the hearing. And even if we were to find otherwise, Stoakley still failed to show there was a reasonably probability that, but for Brave's deficient performance, he would have insisted on going to trial. Stoakley failed to establish ineffective assistance of counsel that would have resulted in manifest injustice warranting the withdrawal of his plea. As a result, we conclude the district court did not abuse its discretion in denying the motion to withdraw plea.

Affirmed.