NOT DESIGNATED FOR PUBLICATION

No. 125,885

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CURTIS PALMER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; MARILYN M. WILDER, judge. Submitted without oral argument. Opinion filed January 12, 2024. Affirmed.

*Charles A. O'Hara*, of O'Hara & O'Hara Law Offices, LLC, of Wichita, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., MALONE and ISHERWOOD, JJ.

PER CURIAM: Curtis Palmer appeals the denial of his postsentencing motion to withdraw his plea. He claims the district court failed to adequately inform him of his right to a jury trial. Our review reveals the district court did tell Palmer he had the right to a trial, which could be to a jury. Considering the facts of this case, we find no abuse of discretion in the district court's finding that Palmer understood the consequences of his plea. We affirm the denial of his motion to withdraw his plea.

Palmer committed several violent domestic crimes, including strangling his girlfriend three times. The State filed seven cases against Palmer. The State made a plea

1

agreement with Palmer. In exchange for Palmer pleading no contest to certain counts in two of the cases, the State agreed to dismiss the remaining counts in those two cases and dismiss the five additional pending cases against Palmer.

At the plea hearing, the district court addressed Palmer's plea and the consequences of making a no-contest plea. The district court ensured Palmer knew he had various legal rights, including but not limited to the right to a trial; the State's burden of proof at trial; the right to question and subpoena witnesses; and the right to testify. The district court informed Palmer he had a right to a trial "to a jury or to the Court sitting alone." The record shows a lengthy discussion between the judge and Palmer.

Palmer and the district court engaged in the following exchange concerning his trial rights:

"THE COURT: Thank you, sir. Mr. Palmer, do you understand, sir, that you have the absolute right to a trial in these cases?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: Do you understand that trial can be to a jury or to the Court sitting alone?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: Do you have a question about that, sir?

"THE DEFENDANT: No.

"THE COURT: And you also understand, sir, that the State has the burden of proof at those trials meaning you don't have to prove anything at trial? The State has to prove beyond a reasonable doubt that you committed charged offenses. Do you understand they have the burden of proof?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: Do you also understand, sir, if these matters would go to trial you have the right to those trials to question witnesses brought by the State to testify against you, you have the right to subpoena witnesses to testify for you, and you have the

2

right to testify as well as the right to choose not to testify? Do you understand you have those rights at trial?

"THE DEFENDANT: Yes, ma'am."

After that exchange, the court reviewed the possible pleas and their consequences:

"THE COURT: Do you understand if you enter pleas of either guilty or no contest there's not going to be a trial, you're giving up that right, you will be found guilty, and you will be subject to sentencing by the Court?

"THE DEFENDANT: Yes, ma'am.

. . . .

"THE COURT: Sir, do you understand if you plead no contest you're not admitting to anything, but you're not denying it either? You're allowing the Court to find you guilty without a trial because you're giving up your right to the trial, you would be found guilty and you would be subject to sentencing by the Court? Do you understand that's the impact of a no contest plea?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: Mr. Palmer, has anyone threatened you with anything to get you to waive your right to trial and enter a plea in these cases?

"THE DEFENDANT: No.

"THE COURT: Has anyone promised anything to you to get you to waive your right to trial and enter a plea in these cases?

"THE DEFENDANT: No."

The court then discussed Palmer's plea with his counsel:

"THE COURT: Mr. Studtmann, have you reviewed with Mr. Palmer his right to trial in these cases and the related rights he has as well as the charges and the potential penalties he faces under this agreement?

"MR. STUDTMANN: We have, Your Honor. And we did even go through everything, every case yesterday afternoon, and I gave him a very good detailed letter and we've had a close relationship throughout this case, and I think Curtis understands each and every charge and each and every thing he is admitting through a no contest plea, and

I think he has made a decision based upon all the evidence and taking everything into consideration."

Ultimately, Palmer pled no contest to aggravated burglary, a severity level 4 person felony; two counts of aggravated intimidation of a witness, a severity level 6 person felony; and three counts of aggravated domestic battery, a severity level 7 person felony.

At sentencing, the district court denied Palmer's request for a dispositional departure but granted him a durational departure in one case to a prison sentence of 80 months instead of 162 months. In the second case, the district court sentenced Palmer to 32 months in prison to be served consecutively to the first sentence. After the sentencing hearing, Palmer retained new counsel.

With new counsel, Palmer moved to withdraw his plea. In the plea withdrawal motion, Palmer argued that he did not adequately waive his jury trial right. The district court held a hearing on the motion. Largely, Palmer relied on the colloquy between himself and the district court at the plea hearing as evidence for his motion. Palmer also supported his argument by citing the Kansas Supreme Court's ruling in *State v. Harris*, 311 Kan. 371, 461 P.3d 48 (2020). *Harris* involved a defendant waiving his right to a jury trial in favor of a bench trial, not a plea hearing. Palmer did not testify at the motion hearing.

The district court denied Palmer's motion. The court made several findings. First, the court found that when defendants enter a plea and waive their right to trial, the court need not engage a "specific type of questioning." The district court noted Palmer was represented by counsel at the plea hearing and that the court "spent a lot of time going through that plea agreement" with Palmer. The court asked Palmer if he had any

4

questions about the plea. And the court asked defense counsel whether he believed the defendant understood the consequences of his plea and his rights. The court was assured that Palmer understood his rights.

To us, Palmer contends he did not effectively waive his right to a jury trial at the plea hearing because he was never told he had the absolute right to a jury trial; he was only informed of his right to a trial in general. The word "jury" was only uttered once during the plea hearing. He argues this makes the plea ineffective and void. He also argues manifest injustice occurred because the plea was not fairly and understandingly made.

We review a district court's decision to deny a motion to withdraw a guilty or no-contest plea for an abuse of discretion. See *State v. Ellington*, 314 Kan. 260, 261, 496 P.3d 536 (2021). "The movant bears the burden to prove the district court erred in denying the motion." *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021).

After sentencing, the court may set aside the judgment and permit a defendant to withdraw a plea if necessary to "correct manifest injustice." K.S.A. 2022 Supp. 22-3210(d)(2). Factors a court generally considers in determining whether a defendant has shown the manifest injustice necessary to withdraw a plea after sentencing include (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Hutto*, 313 Kan. at 745; *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). These factors should not "be applied mechanically and to the exclusion of other factors." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014).

Under K.S.A. 2022 Supp. 22-3210(a), a no-contest plea may be accepted by the trial court when:

"(1) The defendant or counsel for the defendant enters such plea in open court; and

"(2) in felony cases the court has informed the defendant of the consequences of the plea, . . . ; and

"(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and

"(4) the court is satisfied that there is a factual basis for the plea."

An accused who enters a plea of guilty or no contest waives certain fundamental constitutional rights, including the right to trial by jury. *State v. Moses*, 280 Kan. 939, 946, 127 P.3d 330 (2006). K.S.A. 2022 Supp. 22-3210(a)(2) and (3) require the court to inform the accused that by a entering such plea, he or she is waiving these constitutional rights and to determine that the accused voluntarily entered the plea with an understanding of the consequences. See *Moses*, 280 Kan. at 946.

"Long-standing caselaw has required sufficient jury trial waivers before a defendant proceeds to a bench trial or pleads guilty." *State v. Bentley*, 317 Kan. 222, 230, 526 P.3d 1060 (2023) (citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 [1969]). "'[I]n order for a criminal defendant to effectively waive his right to a trial by jury, the defendant must first be advised by the court of his right to a jury trial, and he must personally waive this right in writing or in open court for the record.'" *State v. Harris*, 311 Kan. 371, 376, 461 P.3d 48 (2020).

There is no "checklist" to which district courts must adhere in advising defendants of their right to a jury trial. When a defendant reveals confusion or a misunderstanding about a jury trial, then the district court must address those misconceptions and try to

explain and clarify the right before accepting a purported waiver of that right. *Harris*, 311 Kan. at 377.

If the district court fails to inform the defendant of the consequences of a plea, the error can be deemed harmless and the plea need not be set aside if, upon review of the entire record, the purpose of K.S.A. 2022 Supp. 22-3210(a)(2) is otherwise served—i.e., if a defendant is advised of the plea's consequences in a written plea agreement, by defense counsel, or in some other way. A court considering a motion to withdraw a plea should look at the entire plea process—the written plea agreement, if any, counsel's advice, and the plea colloquy—to see whether the defendant understood the nature and consequences of a plea. *State v. Reu-El*, 306 Kan. 460, 473-74, 394 P.3d 884 (2017); see also *State v. Soloman*, No. 111,596, 2015 WL 5155081, at *6 (Kan. App. 2015) (unpublished opinion) (failure of the district judge to specifically state at plea hearing defendant could have a trial *by jury* was harmless).

There is no magic number of times the district court needs to say "jury" trial at a plea hearing. The district court informed Palmer he had the "absolute right to a trial" and that the trial could be to a jury. The court informed Palmer that by entering a no-contest plea he was giving up his right to a trial.

Palmer stated he was not threatened or coerced into waiving that right. Palmer was represented by competent counsel who informed him of his right to trial and all related rights. Palmer made the decision to plead no contest based on all the evidence in the seven pending cases and taking everything into consideration. He gave no indication at the plea hearing that he was confused about his right to a jury trial, and he did not testify such was the case at the plea withdrawal hearing. Nothing in the record indicates Palmer would have chosen to exercise his right to a jury trial if the district court had been more explicit about it. Looking at the entire plea process and the facts and circumstances of this case, we cannot say the district court abused its discretion in finding Palmer understood

the nature and consequences of his plea and denying his postsentence motion to withdraw his plea. Simply put, we find no manifest injustice here.

Affirmed.